## WASHINGTON COUNTY COURT.

DOUBLEDAY AND WIFE agt. NEWTON AND OTHERS.

The report of commissioners in *partition* will not be set aside only upon grounds similar to those upon which a verdict would be set aside, and a new trial granted. (*4 Edw. Ch. R.* 896.)

The affidavits of *four* credible and disinterested persons for, to *three* against setting aside such report, does not carry such a weight of evidence as to authorize the court to interfere to disturb the report.

Although the statute does not, *in terms*, require *notice* of the proceedings to be given to the parties in partition, (*4 How. Pr. R.* 133,) yet the necessity of such notice must be *implied.* For it is one of those adjudications of a judicial nature affecting the rights and interests of the parties, in which they have a *right* to substantial and beneficial *notice*, and without it the report of the commissioners will be set aside.

*Washington County.* Motion to confirm report of commissioners after an actual partition.

L. H. NORTHUP, *for Plaintiffs.*

CHARLES CRARY, *for Defendants, Blashfield and wife.*

GIBSON, County Judge.—The motion for the confirmation of the commissioners' report is opposed on two grounds.

1. That the partition made by the report is unequal and unjust.

The statute (2 *R. S.* 332) authorizes the court to set aside the report " on good cause shown ;" and the construction given to the section has been the same as that given to the statute, conferring power upon the supreme court to set aside a report on assessments for street purposes in the city of New-York. The rule seems to be, that a report will be disturbed or interfered with by the court only upon grounds similar to those upon which a verdict would be set aside and a new trial granted. Livingston agt. Clarkson, (*Edw. Ch. R.* 896.) It is well settled that the report, in street cases, will not be set aside unless clearly against the weight of evidence, and " to induce to such a course, the facts should be of a very decisive character, and border strongly on the conclusive." Per COWEN, J. In the matter of Pearl-street, 19 *Wend.* 652.

Doubleday and wife agt. Newton and others.

It would be a very unsafe exercise of the discretion vested in this court, to disturb the report in question on any evidence now furnished in opposition to its confirmation. It is true, the affidavits of several credible and disinterested persons have been read, stating, that in their opinions injustice has been done by the partition; but, on the contrary, we have the report of the commissioners specially appointed for the purpose, duly sworn faithfully to examine the premises, and make and report a fair partition, in which they certify to a just and fair partition, quantity and quality considered. There are four affidavits against, and three in favor of the report, counting the report merely as the affidavit of the commissioners. And even if it stood thus, there is nothing to show that the report is so greatly against the weight of evidence as to authorize the court to set it aside. No court would set aside a verdict merely because four witnesses testified against, and but three in its favor. But the case stands on much stronger grounds than this. The report is made officially—by persons selected by the court, and not objected to by the parties—it is made after careful personal examination of the premises, and after exploring all the sources of information open to them; it is like a judicial act, and very different from the *ex parte* affidavits read in opposition to its confirmation. The commissioners are all of them well known to the court as freeholders, of great experience and approved integrity. To set aside their report merely because four other persons, of no greater means of knowledge, differ from them, would, in my view, be an abuse of discretion.

2. The second ground taken against the report is, that the party was not notified of the meeting of the commissioners, and did not attend.

On this ground the report must be set aside. It is a principle coeval with the existence of the common law, that no matter on which there is to be made an adjudication of a judicial nature affecting the rights or interests of a party, shall be heard in his absence, unless he has been duly notified. (4 *Bl. Com.* 283; *Cowen and Hill's notes to Philadelphia edition*, 998, *and cases there cited.* Peters agt. Newkirk, 6 *Cowen*, 103;

Elmendorf agt. Harris, 23 *Wendell*, 632, 633, per WAL-
WORTH, Ch.)

This principle has been violated in the case under hearing.
The party was not notified, did not attend, and had not the
slightest knowledge of the proceeding.

The commissioners were not acting ministerially; on the con-
trary, their duties were of a judicial nature, to hear, examine,
and determine; the matter to be determined affected the inter-
est of the party now opposing more than a thousand dollars.
The amount of the interest, however, is of no consequence on
the question of the right to be heard or to notice.

The right is an important one, and should be fully protected
by the courts, none the less because the legislative power has
omitted to do so. If that were a reason why it should be de-
nied, there would be slight protection to the rights of the citi-
zen against the encroachments of power. Accident, error, or
corruption, may confer power on boards or parties to pass upon
the rights of third persons without notice; but the courts will
always interfere and imply the necessity of notice from the
judicial nature of the act.

I am referred to the case of Row agt. Row, (4 *How. Pr. R.*
133,) as an authority, that notice was not necessary. The court
there say : " The statute does not require notice of the commis-
sioners' proceedings to be given to the parties. For aught that is
said by the statute, the commissioners may make partition with-
out the actual knowledge of any of the parties. As, however, a
technical notice is not required, I think the notice and attend-
ance of one of the defendants, as shown in this case, sufficient."
This decision is very far from showing that notice was unneces-
sary. It decides very clearly, and such is the syllabus of the
reporter, that the statute does not require notice. The facts of
the case show that notice had been given to one of the defendants,
who attended, and the court place the decision on that ground.

It is conceded that under the statute a technical written notice
is not required—but the party shall have substantial and bene-
ficial notice—one which gives him time to be heard and oppor-
tunity to oppose.

The commissioners, within the case of Kinderhook agt. Clow, (15 *John*. 537,) " are to exercise a discretion and to decide after inquiring into all the circumstances of the case ; and in every proceeding of such a nature, both parties are entitled to be heard, and notice to both is indispensably requisite." In the case last cited, the statute required no notice, and yet the court implied its necessity. And to the same point see the cases of Smith agt. Gale, (7 *Term. R.* 364,) and Corlies agt. Corlies, (8 *Verm. R.* 387 and 389.)

As there is nothing in the case tending to show the slightest impropriety on the part of the commissioners, but a mere omission, arising probably from there having been no decision settling the practice, it will be proper to refer the report back to them with directions to appoint a time and place on the premises, where they will meet and reconsider the matter, and all parties to have notice of such time previous as the commissioners shall direct. The fees and charges of the commissioners for such further proceedings as shall be had, to be reported, and to be paid in the same manner as those already incurred. The costs of the plaintiff on this motion, and of the party opposing, $10 each, to be paid in the same manner as the costs in the action are directed to be paid under the judgment.