JORDAN, IMPLEADED, ETC., v. MCNULTY ET AL.

1. PARTITION OF REAL ESTATE — NECESSARY PARTIES — PLEADINGS.—
In a proceeding under the statute for the partition of real estate, it is only necessary, at least in the first instance, to make those persons parties who are interested in the property as joint tenants, tenants in common or coparcenary. Lessees having no definite or subsisting leasehold interest in the premises sought to be partitioned are not necessary parties, and an answer which avers that a lease had been granted "prior to the commencement of this suit," and that the lessees "have been in possession," etc., without disclosing the terms, duration or continued existence of the lease, is insufficient to require the supposed lessees to be made parties.

2. REFUSAL OF COMMISSIONER TO ACT — SUBSTITUTION OF ANOTHER WITHOUT NOTICE.— Where a commissioner appointed by the court under the provisions of the statute to make partition declines to serve, the court may substitute another person in his place without giving notice to the parties. If the appointee be objectionable by reason of coming within any of the exceptions enumerated in the statute, the objection may be raised after the appointment, or it may be interposed as an objection to the report before its confirmation.

3. IRREGULARITIES WHICH MAY BE CURED — FAILURE IN THE FIRST INSTANCE TO TAKE THE OATH NOT A REVERSIBLE ERROR.— Where the commissioners appointed to make partition of lands view the premises before one of them has taken the oath prescribed by the statute, and their report is filed, which for some reason is not confirmed, and afterwards the commissioner takes the oath before the filing of the final report, the filing of the first report does not render the commission *functus officio*, nor is the failure to take the oath before viewing the premises a reversible error.

*Appeal from District Court of Clear Creek County.*

Mr. W. T. HUGHES, for appellant.

Mr. R. S. MORRISON, for appellees.

RICHMOND, C.    McNulty and Noone filed a complaint for partition of certain mining property.    Jordan and Ryan were made parties defendant.    Ryan demurred to the complaint, and afterwards withdrew the demurrer and permitted default to be entered.    Jordan answered, and, among other things, set up the fact that all of the parties had agreed to and did lease the premises sought to be partitioned prior to the commencement of this action.

Thereafter the court appointed three commissioners to partition the land.    At a subsequent term of the court, one of the commissioners having declined to act, the court appointed one G. W. Hall in his place.    On the 20th of June, 1886, the commissioners filed a report. This report was objected to by Jordan, for the principal reason that Hall had not taken the oath prescribed by the statute.    What, if any, action was taken by the court concerning this report, does not appear by the transcript or abstract of record.    But it is fair to assume, from the record, that the report was not received, because the record discloses that a third report was subsequently filed. It also discloses the fact to be that, prior to the filing of the third report, Commissioner Hall took the prescribed statutory oath.    No objection was made to the conclusion of the commissioners, nor to their conduct.    It would seem, from the transcript, abstract and arguments, that the proceedings of the commissioners were regular and in conformity with the statute, save and except the one fact that Hall took the oath prescribed by the statute, after viewing the premises to be partitioned and before making the final report.    This was the main objection relied upon by appellant in the oral argument before the court.

It is also urged that the lessees were necessary parties to this proceeding, and, further, that Hall's appointment was made without notice to appellant. Section 280, chapter 24, Code (Gen. St. 1883), provides that "when any lands, tenements or hereditaments shall be held in joint tenancy, tenancy in common or coparcenary, whether such right or title be derived by purchase, devise or descent, or whether any, all or a part of such claimants be of full age or minors, it shall be lawful for one or more of the persons interested * * * to present to the district court of the county where such lands or tenements lie * * * their petition, praying for a division and partition. * * *" "Sec. 282. Every person having such interest as is specified in this chapter, whether in possession or otherwise, and every person entitled to dower in such premises, if the same has not been admeasured, shall be made a party to such petition." "Sec. 284. All persons interested in the premises of which partition is sought to be made according to the provisions hereof, whose names are unknown, may be made parties to such petition by the name and description of unknown owners or proprietors of the premises, or as the unknown heirs of any person who may have been interested in the same."

By the above provisions it seems that the only necessary parties, at least in the first instance, in proceedings of this nature, are those who hold a joint tenancy, tenancy in common or coparcenary. Besides, from the abstract of the record under which this appeal is prosecuted according to the act of 1885, it does not appear that the alleged lessees had any definite or subsisting leasehold interest in the premises sought to be partitioned. An answer which avers that a lease had been granted " prior to the commencement of this suit," and that the lessees " have been in possession," etc., without disclosing the terms, duration or continued existence of the lease, is not sufficient to require the supposed lessees to be made par-

ties to the proceeding for partition under the provisions of the statute.

The next objection to the report and its confirmation that we shall consider is the absence of notice to appellant of the intention of substituting Hall in place of the commissioner who had declined to act. Section 288 provides that "the court, when it shall order a partition of any premises to be made under the provisions hereof, shall appoint three commissioners, not connected with any of the parties either by consanguinity or affinity, and entirely disinterested. * * *"

No objections were interposed that Hall was related directly or indirectly, or in any way interested in the proceedings. Ordinarily, courts prefer to make the appointment of such individuals with the consent of the parties to the proceedings, but we can conceive of many circumstances which would justify a court in making appointments without such acquiescence, when the parties appointed do not come within the exceptional provisions of the law, and we are justified in assuming that such circumstances existed at the time Hall was appointed. The statute does not contemplate, nor does the practice in such cases warrant the court in giving, notice of its purpose to comply with the mandatory provisions of the statute. If Hall was objectionable because he came within the exceptions above enumerated, the objection could have been raised as well after as before his appointment. It could have been interposed as an objection to the report before confirmation. We think there was no error in the failure of the court to give notice as claimed by appellant.

The next and most serious question is the objection raised that the oath prescribed by the statute was not taken by Hall previous to entering upon the duties of commissioner. A careful examination of the authorities inclines us to the opinion that this, of itself, is not sufficient to warrant us in reversing the judgment of the

court. The statute provides that the commissioner "shall take an oath, before the court or some justice of the peace, fairly and impartially to make partition of said lands in accordance with the judgment of the court," etc. Code Civil Proc. 1883, § 288. It appears that the first report was filed before Hall had taken his oath as commissioner, and it is suggested that, the commissioners having filed a report, they became *functus officio*, and any subsequent act would not cure the objection of failure to take the oath. We cannot concur in this position. In Freem. Co-tenancy, § 526, the doctrine is announced that, if the report be set aside for the misconduct of the commissioners or any of them, new ones may be appointed in their places. "If for a mere irregularity or unintentional omission to perform some duty, such as to give notice to the parties or to take the oath prescribed by statute, the same commissioners will be retained, and proceed a second time to execute the order for partition." If any irregularity has been committed by the commissioners, or they have exceeded their authority, or acted fraudulently or unfairly, any party dissatisfied may move, on the usual notice, to set aside the report. This the court has power by statute to do, and to appoint new commissioners, who are to proceed in like manner. * * * The causes for setting aside a report are, of course, various. * * * It is said that it will not be disturbed except upon grounds similar to those upon which a verdict would be set aside and a new trial granted. *Doubleday v. Newton*, 9 How. Pr. 71. * * * For an unintentional omission to * * * take the oath required by statute, the same commissioners will be retained and proceed a second time to execute the order for partition." 2 Van Santv. Eq. Pr. 47.

There is nothing in this case tending to show the slightest impropriety on the part of the commissioners,— no objection that the recommendations presented in the report were not equitable and eminently proper;

and the mere omission to take the oath prescribed is, in our judgment, such an irregularity as could be readily cured, and was cured, by a re-reference of the matter to the commissioners, and the taking of the oath by Commissioner Hall, prior to the filing of the report which was subsequently confirmed by the court. Having once viewed the premises, being thoroughly familiar with the situation, and finding that the premises were not susceptible of a division, without manifest prejudice to the owners, a further view of the premises was unnecessary. The commissioners had met together upon the premises, had consulted upon the matter of the partition, and had arrived at a conclusion. This, we think, was a substantial compliance with the provisions of the statute.

It has been held, in some instances, that a report of the commissioners need not necessarily be signed by all three. In the case of *Kane v. Parker*, 4 Wis. 123, it was held that the signature of the three commissioners to the report is not essential. The court said: "It is true that he [one of the commissioners] did not sign and acknowledge this report with the other commissioners, nor was it necessary for him to do so. If he met and acted with the other commissioners in making the partition, it was sufficient. His neglecting to sign and acknowledge the report does not do away with the presumption arising from the above circumstances, that he did meet and act with the other commissioners in making the partition." See, also, *Underhill v. Jackson*, 1 Barb. Ch. 73.

We find no error in the action of the court in confirming the report of the commissioners. The judgment should be affirmed.

REED and PATTISON, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is affirmed.

*Affirmed.*