21841. McINTOSH *v.* WILLIAMS *et al.*

DECIDED SEPTEMBER 28, 1932.

*M. Price,* for plaintiff in error.
*Tyson & Tyson, Edwin A. Cohen,* contra.

STEPHENS, J.  F. B. and W. E. Williams instituted proceedings, under sections 5358 et seq. of the Civil Code of 1910, against F. A. McIntosh, to partition land, and in their petition alleged that the plaintiffs were the owners of four-fifths interest, and the defendant was the owner of one-fifth interest. After the partitioners made their return, by which they divided the land as prayed for by the plaintiffs, the return was objected to by the defendant on the ground that no oath had been administered to them. The court sustained

the objection, and ordered the partitioners to make a new return under oath. The partitioners, after having been duly sworn at a subsequent term of court, made a second return, which was to the same effect as the first return. Upon the filing of the second return the defendant filed a special plea in bar on the ground that the partitioners had no authority in law and were disqualified to make a second return, that upon the making of the first return the writ of partition became functus officio, and therefore the second return was null and void. This objection was overruled. In a caveat to the return of the partitioners the defendant denied that the plaintiffs had any right, title, or interest in the land, and alleged that the entire title to the land was in himself. Upon the issue made by the caveat the case proceeded to trial and the trial resulted in a verdict directed for the plaintiffs, finding that the plaintiffs were entitled to a four-fifths interest in the land and confirming the return of the partitioners. The defendant moved for a new trial, on the ground that the court erred in rejecting certain documentary evidence offered by him and in directing the verdict found for the plaintiffs, and this motion was overruled. The defendant excepts to the judgment overruling the motion to dismiss the proceedings, upon the alleged ground of the invalidity of the last return of the partitioners, and to the judgment overruling the motion for a new trial.

The defendant attacks the return of the partitioners, as illegal, upon the ground that, on the filing of the former return, the writ of partition became functus officio, that the partitioners were disqualified and without authority of law to make a second return. The former return was rejected at the instance of the defendant, upon the ground that no oath had been administered to the partitioners as required by section 5362 of the Civil Code of 1910. The failure to take the oath was either an irregularity or it operated to invalidate the first return. If it was an irregularity, there is no reason why the oath could not have been taken after the return had been made and filed. If the failure to take the oath invalidated the first return, this failure certainly did not invalidate the partition proceedings, and therefore the writ of partition did not become functus officio. If the partitioners, by reason of not having taken an oath, had no authority to make and file the first return, there seems no good reason why, upon the rejection of the first return at

the instance of the defendant, the same partitioners could not, by order of court, make and file another return to all intents and purposes legal and valid. In Jordan *v.* McNulty, 14 Colo. 280, it was held by the Supreme Court of Colorado that "where the commissioners appointed to make partition of lands view the premises before one of them has taken the oath prescribed by the statute, and their report is filed, which for some reason is not confirmed, and afterwards the commissioner takes the oath before the filing of the final report, the filing of the first report does not render the commission *functus officio,* nor is the failure to take the oath before viewing the premises a reversible error." See Basford *v.* Cranford, 125 Md. 15 (93 Atl. 295) ; 47 C. J. 495. The court did not err in overruling the defendant's plea in bar objecting to the final return of the partitioners.

It appeared, without dispute, that the grandmother of the plaintiffs, Mrs. Susan B. Williams, who afterwards became Mrs. Susan B. Dean, had been in possession of the land as owner under a chain of title traceable back to the State as the original grantor, that she had five heirs at law, one of whom was the plaintiffs' father S. W. Williams, that the plaintiffs had acquired, by inheritance from their father and by purchase from other heirs at law of Mrs. Susan B. Dean, a four-fifths interest in the land, and that the plaintiffs did not acquire the one-fifth interest of Mrs. A. V. Baker, another one of the heirs at law of Mrs. Susan B. Dean. It appeared, without dispute, that the plaintiffs had a paper title to the four-fifths interest in the land, and that, since the death of the plaintiffs' grandmother, Mrs. Susan B. Dean, which occurred about thirty years before, the land had been in the exclusive possession of their father, S. W. Williams, for the estate of Mrs. Susan B. Dean, and, after the death of S. W. Williams, was in the possession of plaintiffs, who had worked the land until about ten years before. It also appeared from the evidence that Mrs. A. V. Baker, a daughter of Mrs. Susan B. Dean, and who as an heir at law was entitled to a fifth interest in the land, owned, with other heirs of her husband, a tract of land adjoining the land for which partition was sought, and that Mrs. A. V. Baker and the other heirs of her husband, who were the owners of this adjoining tract, had, sometime about the year 1917, executed a deed to E. M. Thorpe, which contained a description which included not only this adjoining tract, but also the tract

which had belonged to Mrs. Susan B. Dean and in which petitioners claim a four-fifths interest. There is evidence that E. M. Thorpe afterwards planted a cotton crop on the portion of the land included in the description in his deed which had belonged to the estate of Mrs. Susan B. Dean and to which the plaintiffs claim title to the extent of four-fifths interest.

There is no evidence whatsoever that Mrs. A. V. Baker had any title, by will, deed, or prescription, to the land to which the plaintiffs claim title through their grandmother Mrs. Susan B. Dean, other than the fifth interest belonging to her as an heir at law of Mrs. Susan B. Dean. There is no evidence that Mrs. A. V. Baker, or any of the heirs of her husband, had held any possession of the Dean land adverse to Mrs. Dean or her heirs.

Except as the evidence may show a title by prescription in E. M. Thorpe in the land sought to be partitioned, the undisputed evidence establishes title in the plaintiffs to a four-fifths undivided interest in this land. The deed from Mrs. A. V. Baker and the Baker heirs to E. M. Thorpe conveyed to E. M. Thorpe title to the land which the grantors in that deed had inherited from Mrs. Baker's husband, and also Mrs. A. V. Baker's fifth interest which she had acquired by inheritance from her mother Mrs. Susan B. Dean. The right, title, and interest which E. M. Thorpe acquired under the Baker deed to him was that fifth interest, which Mrs. A. V. Baker held as tenant in common with the other heirs of Mrs. Susan B. Dean. E. M. Thorpe, therefore, held only a fifth interest in this land as a tenant in common with the plaintiffs, and if Thorpe went into possession of this land, as evidenced by planting cotton thereon or otherwise, his possession was that of a tenant in common with the plaintiffs, and not as that of an adverse claimant. "There can be no adverse possession against a cotenant until actual ouster, or exclusive possession after demand, or express notice of adverse possession; in either of which events the cotenant may sue at law for his possession." Civil Code (1910), § 3725. There is no evidence that the petitioners had been ousted from the land, or, if E. M. Thorpe or any one claiming under him was in possession of the land, that this possession was exclusive of the plaintiffs as cotenants, or that it was adverse to them after express notice to them of such possession. Since no possession adverse to the plaintiffs is shown, either in E. M. Thorpe or in any one claiming under him, no title

by prescription is shown in E. M. Thorpe, or in any one claiming under him, in the land sought to be partitioned. The evidence demanded a finding that the plaintiffs had title to a four-fifths undivided interest in the land. There is no evidence of any title out of E. M. Thorpe, and no evidence whatsoever that the defendant F. A. McIntosh had any right, title, or interest in the land. The plaintiffs, however, concede that the defendant is entitled to a fifth interest in the land, and at this the defendant certainly can not complain.

In *Griffin* v. *Griffin*, 33 *Ga.* 107, where it was held that "when the proof shows that the defendant to such application [for partition] has no real interest in the land, but that the title or interest is in a third person, the court should not proceed to a hearing until such third person is notified and made a party," the defendant who was in *exclusive* possession denied title in the plaintiff and raised the question of an outstanding title, by offering evidence tending to prove this fact. The Supreme Court held that, since it appeared from the evidence offered that the applicant had no title or interest in the land, he was not entitled to partition, and that the court erred in rejecting the evidence offered. That decision is not authority for the proposition that the writ of partition should be dismissed or partition denied where the applicant who is in possession shows title to any interest in the land, and where the defendant does not plead an outstanding title in a third person but claims title in himself to the entire interest in the land. 47 C. J. 328; Civil *v.* Toomey, 103 S. C. 460 (88 S. E. 261). The evidence demanded a verdict for the plaintiffs.

The defendant F. A. McIntosh, in support of his claim of title to the entire interest in the land sought to be partitioned, offered in evidence a security deed from McIntosh Naval Stores Company, executed by "E. M. Thorpe, President," to Mrs. A. V. Baker and others, and also a deed executed by William L. Gignilliat, trustee for Mrs. A. V. Baker et al., to the defendant F. A. McIntosh. The court excluded these deeds from evidence. E. M. Thorpe testified that the McIntosh Naval Stores Company was a corporation, and that he had executed no deed to the corporation. Although E. M. Thorpe, in executing the deed from McIntosh Naval Stores Company by himself as the president of the corporation, may be estopped from thereafter asserting his right, title, and interest in the land

against the grantee or any one claiming under the grantee (Civil Code (1910), § 4189; *Crosby* v. *Meeks,* 108 *Ga.* 126, 33 S. E. 913; *American Freehold &c. Mortgage Co.* v. *Walker,* 119 *Ga.* 341 (2), 46 S. E. 426; *Equitable Loan &c. Co.* v. *Lewman,* 124 *Ga.* 190 (2), 52 S. E. 599, 3 L. R. A. (N. S.) 879), his act in so executing the deed did not divest himself of any title to the property vested in him. *Copelin* v. *Williams,* 152 *Ga.* 692 (111 S. E. 186). The executed deeds from the McIntosh Naval Stores Company, by E. M. Thorpe, president, to Mrs. A. V. Baker and others, and from W. L. Gignilliat, trustee for Mrs. A. V. Baker and others, to F. A. McIntosh, constitute no evidence of title out of E. M. Thorpe into the defendant F. A. McIntosh. Moreover, if the defendant F. A. McIntosh acquired, by virtue of these conveyances, any right, title or interest of E. M. Thorpe in the property sought to be partitioned, it was only the fifth interest therein which Mrs. A. V. Baker had inherited as an heir at law of Mrs. Susan B. Dean, and which the plaintiffs in their petition concede to belong to the defendant.

The court did not err in excluding the testimony offered, and in directing the verdict for the plaintiffs.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*