## CAVE v. ANDERSON.

1. TITLE BY ADVERSE POSSESSION—ACTION IN EJECTMENT.—A person who has held land adversely for ten years has a good title, which may be affirmatively asserted against one not under disability.

2. ACTION IN EJECTMENT—COMMON SOURCE.—In actions in ejectment, plaintiff may show that both parties claim from a common source, and need not show a complete chain.

3. IBID.—NONSUIT.—There being some proof of actual possession for ten years, the extent of the possession is a question for the jury, and nonsuit properly refused.

4. IBID.—TAXES—EVIDENCE.—Payment of taxes on land is competent evidence, tending to show how the party held the land.

5. CHARGE.—The Judge held not to have indicated an opinion on the fact that the land passed under the will.

6. IBID.—If a Judge, in refusing a motion for nonsuit, indicate his opinion on the facts, such remarks are not a charge on the facts under the constitutional inhibition.

7. EXCEPTION without foundation.

8. WIDOW—TRESPASS.—A widow is a trespasser on lands of the husband aliened, after expiration of forty days from death of husband. *Obiter dictum.*

9. EXCEPTION.—Testimony excepted to as having been ruled out was not excluded.

10. ACTION IN EJECTMENT—PRACTICE—REBUTTAL.—Plaintiff in ejectment may attack defendant's title on the ground of fraud without pleading it, when his attack is in reply to defendant's proof.

Before ALDRICH, J., Barnwell, March, 1896.   Affirmed.

Action in ejectment by S. C. Cave against L. L. Anderson.  Judgment for plaintiff.  Defendant appeals on following exceptions:

1. Because his Honor, it is respectfully submitted, erred in refusing to grant the nonsuit asked for by the defendant at the close of plaintiff's case.

2. Because his Honor, it is respectfully submitted, when refusing said motion for a nonsuit, erred in holding that the defendant and plaintiff both claimed from a common source in Mrs. Sarah Stansell, when there was no testimony adduced to sustain said ruling; but, on the contrary, the

only testimony offered upon the question of plaintiff's title was directed to showing that plaintiff's ancestor, the said Mrs. Sarah Stansell, claimed the land in dispute by adverse possession for the statutory period.

3. Because his Honor, it is respectfully submitted, erred in permitting testimony on behalf of plaintiff as to the taxes paid on the place and charged to L. W. Stansell, in the face of defendant's objection thereto.

4. Because his Honor, it is respectfully submitted, erred in holding that the land in dispute was devised to the grand-son of the plaintiff by the will of Sarah Stansell, offered in evidence by the plaintiff; whereas the said land is not mentioned in the said will, and the said land being the property of the said Sarah Stansell, and passing by the said will being one of the main disputed facts in the case which should not have been passed upon by the Court but left to the jury.

5. Because his Honor, it is respectfully submitted, erred in holding that the tax receipt above stated was an admission on the part of the defendant of right in the land in somebody else.

6. Because his Honor, it is respectfully submitted, erred in holding, upon plaintiff's objection, that defendant could not show how Mrs. Stansell claimed an interest in the land and that her possession was by permission of the defendant, and among other things based upon her recognized right of dower therein, although the same had not been set off to her by due course of law.

7. Because his Honor, it is respectfully submitted, erred in holding that the testimony offered by the defendant, showing his support of the said Sarah Stansell and his taking care of her at Elko, had nothing to do with the case; whereas these facts were circumstances going to show the relationship existing between the defendant and Mrs. Sarah Stansell, and in explanation of the manner in which she was permitted to occupy the land in dispute.

8. Because his Honor, it is respectfully submitted, erred in permitting plaintiff to offer testimony attacking the legal

title of defendant to the said land by showing that plaintiff had equities under the deed held by defendant, which equities did not appear in the deed, when the defendant was not advertised by the pleadings of any such claim on the part of the plaintiff.

9. Because his Honor, it is respectfully submitted, erred in permitting plaintiff, over defendant's objection, to bring out in the case testimony showing that Edwin Stansell, from whom defendant claimed under a deed from Stansell to him, was in debt at the time of the execution of the said deed, the object of said testimony being to show that the deed was an intended fraud upon the creditors of the said Edwin Stansell, when such testimony was outside of the case, and if otherwise competent could not be taken advantage of by the plaintiff, he being the heir of the said Edwin Stansell, and, therefore, his privy.

10. Because his Honor, it is respectfully submitted, erred in permitting plaintiff to offer testimony attacking defendant's deed to the said land upon the ground of fraud, and in holding that plaintiff had the right to break down defendant's deed, if he could over defendant's objection, and although the pleadings were simply in trespass to try title, and no equitable defense or equitable claim advertised in any of the pleadings, and in permitting testimony showing that plaintiff had equities under the deed, when no such equities appeared in the deed; whereas plaintiff should have been restricted to the recovery upon the strength of his own title, which he based upon the adverse possession of his ancestor alone and not upon any supposed weakness of defendant's title.

*Messrs. Bates & Simms,* for appellant, cite: *Nonsuit proper, if no testimony as to one or more material allegations:* 5 S. E. R., 471; 8 Rich. L., 42; 2 McC., 262. *No color of title being shown, and evidence only showing that portion of lands were cultivated, jury could not give verdict for whole:* Chev., 200; 8 Rich. L., 42; 25 S. C., 185, 258; Code, 101,

104. *New trial should be granted, because incompetent testimony admitted:* 1 Brev., 213; 2 McC., 157; 1 Strob., 135.

*Messrs. Patterson & Holman,* contra, cite: *Title by adverse possession may be affirmatively asserted:* 45 S. C., 312.

Aug. 21, 1897. The opinion of the Court was delivered by

MR. JUSTICE JONES. This is an action for the recovery of a lot of land in the town of Elko, in Barnwell County, and also a tract in same county containing 252 acres. The complaint alleges that plaintiff is seized and possessed in fee of said premises, and that defendant wrongfully withholds same, to his damage $500. The answer is a general denial.

At the beginning of the testimony, defendant's counsel consented that plaintiff have judgment for the lot in Elko, leaving the 252 acre tract alone in dispute. The testimony in behalf of plaintiff tended to show that Mrs. Sarah Stansell was in possession of said tract of land for fifteen or sixteen years or more, from the death of her husband, Edwin Stansell, up to her death; that she died in the latter part of 1891, leaving a will, dated November 21st, 1891, in which she devised all her property, real and personal, to Lloyd W. Stansell, and in said will the defendant was appointed guardian of said Lloyd (who was a minor), and also as executor. After the death of Mrs. Stansell, the defendant went into possession of the land. Over defendant's objections, the return of the defendant to the probate office was introduced, showing that defendant had therein charged Lloyd W. Stansell with taxes paid by the defendant on the land in dispute. Then, without objections, a tax return was offered in evidence, dated February 1st, 1893, wherein the defendant returned this land and the lot in Elko for taxation as property belonging to the estate of Sarah Stansell. Lloyd died in 1893 or 1894, leaving the plaintiff, his grand-father, as his only heir at law. It did not definitely appear when Edwin Stansell died, at which time Mrs. Stansell's posses-

sion began. According to the testimony, he died some time between 1873 and 1879. After the death of her husband, Mrs. Stansell lived on the land, working it and renting it for several years, and then moved to the lot in Elko, but continued to rent out said tract.

At the close of the plaintiff's testimony, a motion for a nonsuit was made on the grounds that plaintiff had not connected his title with a grant from the State, nor proved twenty years possession from which the presumption of a grant would arise, and that having shown no color of title, plaintiff could only recover such of the land as he showed Mrs. Stansell had actual possession of, as to which there was no definite evidence. The motion was overruled.

1. In this there was no error. It is true, there was no proof of a grant from the State, and no proof of such length of possession, twenty years, as would create a presumption of such grant, but there was some evidence that Sarah Stansell held the land adversely for more than ten years previous to her death, and it is now well settled that a person, who has held land adversely for ten years, has a good title by virtue of such possession, which may be affirmatively asserted against one not protected by some disability. *Harrelson* v. *Sarvis*, 39 S. C., 14; *Busby* v. *R. R.,* 45 S. C., 312. There was also some evidence that defendant entered possession of this land after the death of Mrs. Stansell under her title, charging his ward, Lloyd W. Stansell, who held under Mrs. Stansell's will, with taxes paid on this land, and as late as February 1st, 1893, returning this property for taxation as belonging to the estate of Mrs. Sarah Stansell, of which he was executor. This evidence tended to show that plaintiff and defendant claimed from a common source, and this is one of the well established exceptions to the rule requiring plaintiff, in an action to recover real estate, to prove a perfect chain of title. See *Drayton* v. *Marshall*, 1 Mill Const. R., 184; *Hill* v. *Robertson*, 1 Strob., 1; *Geiger* v. *Kaighler*, 15 S. C., 262. As said in *Hill* v. *Robertson, supra:* "It is

against the moral policy of the law to permit one to dispute the title under which he took possession of the land." See, also, *Johnson* v. *Cobb*, 29 S. C., 377. There being some proof of actual possession of the land, or a part thereof, by Mrs. Stansell for at least ten years, the extent to which she was entitled to recover could not be decided in the motion for a nonsuit, as that was a question for the jury under proper instructions as to what constituted adverse possession. Besides this, by the admission of defendant, the plaintiff was entitled to have the verdict of the jury in his favor as to the lot in Elko.

After the refusal of his motion for nonsuit, the defendant offered evidence for the purpose of showing that this land was conveyed to him by Edwin Stansell, husband of Mrs. Sarah Stansell, and defendant's father-in-law, by deed dated January 18th, 1871, recorded January 20th, 1871, and that Sarah Stansell's possession was permissive. The jury found for the plaintiff. The judgment entered thereon is conclusive here unless some error of law in the trial of the case is pointed out.

2. It is urged that the Circuit Judge erred in permitting testimony as to the taxes paid on the place and charged to L. W. Stansell. Such evidence was competent for what it was worth as tending to show how the defendant entered into possession of the land. This evidence tended to show that at the date of the return the defendant held the land in dispute as the property of his ward, L. W. Stansell.

3. The fourth exception alleges that the Circuit Judge erred in holding that the land in dispute was devised to Lloyd W. Stansell by the will of Sarah Stansell; whereas it should have been left to the jury to determine whether the land in dispute was the land devised. We do not find that the Circuit Judge made any such ruling. The only reference to this matter that we can find is in the charge, as follows: "You have heard all the testimony in the case; now, then, if she could devise and did devise it

as that will said she did to Lloyd W. Stansell, the minor, then that will passed whatever interest, right and title Mrs. Stansell possessed in those premises to Lloyd Stansell. Under that will the defendant, Anderson, was appointed executor and trustee. If he is in possession of the land now, how did he get it? Was it as executor and trustee, in a fiduciary capacity, as representing Mrs. Stansell's will? If so, then as the will conveyed the property to Lloyd Stansell, and Anderson holding it for him, in his representative capacity as representative and trustee, upon the death of Lloyd Stansell, if he died without being married, without leaving a father, mother, brother or sister of the whole blood or of the half blood, then the next would get it; and his grandfather, the plaintiff here, Mr. Cave, was his closest relative, then under the law he would be the heir at law of Lloyd Stansell, and by operation of law it would pass to Mr. Cave, &c." It is manifest that in the above charge the Judge did not undertake to decide or even intimate an opinion upon the question whether the land claimed to have been held adversely by Mrs. Stansell was the same land devised to Lloyd Stansell.

4. The fifth exception alleges error in holding that the tax receipt was an admission on the part of the defendant of right in the land in somebody else. We find in the case no evidence of such ruling except in his remarks refusing the motion for a nonsuit, where he says: "In regard to tax receipts, while a tax receipt is not a muniment of title, it is an evidence of fact for what it is worth; and in this case the receipt put in purports to be under a payment of taxes by the defendant, which is an admission of right in somebody else." The tax receipt was offered in evidence without objection. The remarks quoted above were made as a part of the reason why the motion for nonsuit was overruled. We have held that the motion was properly overruled. The remarks can not be treated as a charge to the jury in respect to matters of fact, for he was not charging the jury in making these remarks. Such re-

marks, in refusing a motion for nonsuit, do not violate the
constitutional inhibition against judges charging juries in
respect to matters of fact, even though such remarks may
indicate the judge's opinion in respect to matters of fact.
*State* v. *Turner*, 36 S. C., 544; *Moore* v. *R. R.*, 38 S. C., 31;
*State* v. *Crawford*, 39 S. C., 350; *Ober* v. *Blalock*, 40 S. C.,
37; *Norris* v. *Clinkscales*, 47 S. C., 519.

5. The sixth exception is not founded on anything in
this case. The record shows the following—the defendant
being examined as a witness: "Do you know how Mrs. Stan-
sell claimed an interest in this land? Objected to by Mr.
Holman on the ground that the law prescribes how a woman
has to claim her dower, and it should be done in one of those
ways. If she filed a bill and went into possession of it, then
she would be held to her rights. The Court: If there is
such a record, your objection is well taken. By Mr. Bates:
Was there ever any proceedings taken by Mrs. Stansell to
recover her dower in this land? None whatever. Then by
what do you know of your own knowledge what claims she
set up? She merely asked me for a home as long as she.
lived." The ruling was conditioned on the existence of a
record, and as there was shown to be no record, the ruling
was in favor of the appellant, and he availed himself of it;
and while the defendant had liberty to say, he did not say
that Mrs. Stansell claimed the land as her dower. Besides,
if Mrs. Stansell was entitled to dower in said land as
against her husband's alienee, she could be a tres-
passer after the expiration of forty days from the
death of her husband. *McCully* v. *Smith*, 2 Bail., 103; *La-
mar* v. *Scott*, 4 Rich., 516; *Trenholm* v. *Wilson*, 13 S. C., 174.

6. The seventh exception is overruled, as it does not ap-
pear that the Circuit Judge excluded any testimony offered
to show that the defendant supported Mrs. Stansell
at Elko and took care of her, as a circumstance ex-
planatory of the manner in which she was permitted
to occupy the land in dispute. The testimony had been
given, when plaintiff's counsel said: "I don't know as that

has anything to do with the case;" when the Court replied: "No, sir." The testimony not having been excluded, we need not consider whether in fact it was relevant, or if relevant whether its exclusion was harmful.

7. The remaining exceptions charge error in allowing plaintiff to attack the deed under which the defendant claimed title to the land in dispute. The case shows the following as the basis for these exceptions (the defendant being cross-examined by plaintiff's counsel): "What did Edwin Stansell make you this deed for? To secure him a home. Did he not make you a deed after death to divide this land up among his heirs? Objected to, on the ground that there is no equitable title claimed by the plaintiff, and the deed shows for itself. He cannot bring out oral testimony to explain what this deed means. The Court: Why can't he break down your deed, if he can? (Then follows a colloquy between the Court and the defendant's counsel.) Has not this tract of land described in the complaint been divided up into different tracts? I had it divided up before the death of Edwin Stansell; had it divided and surveyed out. For what? To pay off each heir of the estate. You were paying off the heirs of the estate? Certainly. You said something about the old man being in debt; tell us something about that? Well, he was in debt. (Objected to, on the ground that that is going outside of the case. He wants to prove that Edwin Stansell was in debt to him, and that this deed to him purports to defraud his creditors, &c.) You say you divided this land up among the heirs? Yes, sir, I gave each one a portion of the land. And you kept Mrs. Stansell in possession of one, and you say, for a home as long as she lived? Yes, sir, that was after the death of Edwin Stansell. How long has that been? Seventeen or eighteen years. And after his death, you put her in possession of this tract for a home—a one-third? Yes, sir, &c." We do not think there was error in admitting this testimony. It was brought out on cross-examination of defendant, concerning the title which he had set up.

The defendant's answer, being a mere general denial, without any reference to his own title, was not such as called for any reply in pleading from plaintiff. The deed under which defendant claimed title was brought to plaintiff's attention for the first time in the evidence. While Sarah Stansell and her grantees, claiming as privies in estate with Edwin Stansell, could not attack his deed as in fraud of creditors, yet it was perfectly competent for plaintiff in the evidence to show anything which is a direct answer to the proof offered by the defendant. Plaintiff had a right to show, if he could, that the deed under which defendant claimed was given to defendant by Edwin Stansell under a secret trust that the property in dispute was to be set apart for his widow, Mrs. Sarah Stansell, which would tend to show that she held the land as her own, under a claim of right, from the death of her husband, and to support her claim of adverse possession against her husband's alienee.

In so far as it is claimed that the Circuit Judge allowed plaintiff to attack defendant's deed for fraud, that contention is disposed of by the record, as follows: Defendant's third request to charge was: "3. That no evidence can be considered to impeach the deed of Edwin Stansell for fraud, because no fraud is alleged; and even admitting that it was a deed executed to defraud his creditors, the law would not have allowed Stansell himself to have disputed its genuineness, neither will it allow his heirs and privies; and the plaintiff here is a privy, not claiming the land by purchase, but by inheritance." In response to this, the Judge said: "Gentlemen, that involves propositions of law which may in the abstract be proper and correct, but upon objection of the counsel for the defense, testimony as to the deed being fraudulent, or attacked in any manner, he objected to it, and that testimony was stopped; but the proposition is correctly stated here in this, that if a man makes a deed upon its face valid and sufficient, makes a transaction, he will not be allowed to come into Court and stultify himself, and set up his illegal purpose, to defeat his act; and a man's

heirs are what are termed in law privies in estate, as the title is common as to the ancestor, and so passed to the heir, and the heir takes it just as the ancestor left it, and the title of the heir cannot rise any higher than the title of the ancestor." Besides, there was no testimony that Edwin Stansell was in debt to any other person than the defendant. In view of these things, we do not think appellant has any just ground of complaint.

The judgment of the Circuit Court is affirmed.