## 9019

### CAMPBELL v. STEWART *ET AL.*

(84 S. E. 415.)

PARTITION. TITLE. ADVERSE POSSESSION. APPEAL AND ERROR.

1. PARTITION—TITLE TO MAINTAIN SUIT.—Where in a partition suit, defendant raises title, it is incumbent on plaintiff to prove title before partition can be had.
2. PARTITION—TITLE—ADVERSE POSSESSION.—Where plaintiff in partition denies the title set up by defendant in the answer, defendant may show title by adverse possession.
3. APPEAL AND ERROR—REVIEW—FINDINGS OF FACT.—If there is any testimony to sustain the finding of a referee on legal issues, concurred in by the Court, the appellate Court cannot review the finding.

Before DeVORE, J., Chester, August, 1914. Affirmed.

Partition suit by Rosa Campbell against James Stewart and others. From a judgment for defendants, complainant appeals and brings exceptions. Exceptions overruled.

The following is the report of Referee J. C. McLure:

To His Honor, the Presiding Judge of the Sixth Circuit:

By order of this Court it was referred to me as special referee to take the testimony herein, determine the issues of law and fact, and report my conclusions to this Court. Pursuant to this order I have held references and taken the testimony herewith submitted, and now would respectfully report my conclusions thereon.

This is an action for partition brought by the plaintiff, as an heir at law of J. M. Stewart, deceased, against the other heirs of said deceased. The complaint alleges that at his death J. M. Stewart was seized of a tract of 383 acres, and with the usual formal allegations prays for a partition

FOOTNOTE.—As to acquisition of title by adverse possession, see *Anderson* v. *Case*, 50 S. C. 293, 27 S. E. 693; *Harrelson* v. *Sarvis*, 39 S. C. 15, 17 S. E. 368; *Young* v. *Watson*, 1 McMull. L. 449; *Geiger* v. *Kaigler*, 15 S. E. 273; *Abel* v. *Hutto*, 8 Rich. L. 42; *Cantey* v. *Platt*, 2 McC. L. 260; *Duren* v. *Key*, 50 S. C. 444, 27 S. E. 875; *Busby* v. *F. C. & P. R. Co.*, 45 S. C. 312, 23 S. E. 50, and note in 46 L. R. A. (N. S.) 487.

thereof among his heirs at law, the plaintiff and defendants herein. In the complaint is also a claim for rents and profits, but at the hearing this claim was abandoned, and I may say properly abandoned, since there was not proof to sustain it. The defendants, James Stewart, William Stewart, Nannie Stewart, and Samuel Stewart, answer and join in the prayer of the complaint as to 228 acres of said tract, but deny that plaintiff has any interest in 150 acres thereof. The answer of the guardian *ad litem* for the minor defendants is only formal, and the other defendants default. So the only issue before me is as to the title to the 150-acre tract.

In the argument, defendants' attorney relies upon the defenses of presumption of a grant and adverse possession. Plaintiff's attorney insists that these defenses are not before me, because not pleaded. So we must first consider the allegations of the answer.

As I understand his position, plaintiff's attorney does not contest the rule that these defenses can be proven under a general denial, but contends that the denial in the answer in this case is not general. I cannot agree to this opinion. In paragraph 1 of the answer the title of plaintiff's intestate is expressly denied, and in paragraph 3 all allegations of the complaint, after paragraph 2, are denied, "except as hereinafter admitted," and nowhere is there any admission of plaintiff's title to any share in this 150 acres. Also in paragraph 5 of the answer it is alleged *inter alia* that "all the other brothers and sisters recognized and asquiesced in James Stewart's possession and ownership," and "he is now entitled to the said premises absolutely." It seems to me the allegations or denials of the answer are general enough to allow proof of the adverse possession and presumption of grant, and I so hold.

Now, what proof does the defendant, James Stewart, bring to support these defenses? He relies upon (1) pay-ment of part of purchase price at time of purchase; (2)

erection of a house; (3) usual cultivation; and (4) return of premises in his name and payment of taxes by him.

As to part payment of purchase price, I find that this payment was not in fact made, certainly not at the time claimed. The witnesses who testify on the point all agree that the purchase price was $400, and this was the amount of the mortgage, so I must think James Stewart is mistaken in this claim.

As to the building of a house on the premises, James Stewart himself, in his testimony, only claims that he and his brother did most of the work on the house. This, which I find to be true, is of course a circumstance to be considered, but, standing alone, it seems to me to lack a good deal of that exclusive possession, which would prove these defenses.

So as to the cultivation of the premises. I find that all hands worked on both tracts, as well as some rented from others were worked "through;" that is, without distinction as to any one person working any particular field. The two brothers did the heavy work, such as plowing, and the plaintiff worked whenever her services were needed, at any work suitable for a woman. This, standing alone, would lack much proving adverse possession by James Stewart.

As to the payment of taxes, I lay little stress on the mere manual act of handing the money to the treasurer, for the proof is clear that the money to pay the taxes came from the crops made on both places. But when we come to the return for taxation being made in the name of James Stewart, it seems to me we have a very strong circumstance to support his claim, especially since it appears that this was done under the express direction of the father. Plaintiff objects to the testimony as to this direction by the father, and of course James Stewart would be barred from testifying on this point, but I hold that his brother's testimony on this point is a declaration against interest, and hence admissible. See *Shell* v. *Boyd,* 32 S. C. 362, 11 S. E. 205. Under the law

(Civ. Code, sec. 297) all lands are to be assessed in the name of the person "having the legal title and right of possession," so it seems to me that this conduct on the part of the father was a distinct recognition of James Stewart's title. In connection with the minor circumstances above mentioned, I find it sufficient proof of adverse possession and of a grant, and I sustain those defenses, and find that plaintiff has no interest in the 150-acre tract.

I find that the parties are seized of the 228-acre tract in shares as follows: The plaintiff and each of the defendants being a son or daughter of J. M. Stewart, each the one-tenth of said premises, and the remaining defendants, viz., Rebecca Stewart, the widow, and Reid Stewart and George Stewart, the children of Thomas Stewart, a predeceased son of J. M. Stewart, own a one-tenth interest jointly. I cannot state the respective shares in this last mentioned tenth interest, as the record does not show the date of death of Thomas Stewart, and I cannot tell whether these children inherited from their father entirely, or partly directly from their grandmother and aunt. However, as to this, no doubt the parties can agree upon a decree.

I, therefore, recommend, that as to the 150 acres the complaint be dismissed, and that the 228-acre tract be sold and the proceeds, after payments of costs, be divided among the parties according to their respective interests as above stated.

*Messrs. Finley & Marion,* for appellants, cite: *As to requisites of adverse possession:* 1 Cyc. 981, 982, 1144; 80 S. C. 111; 78 *Ib.* 32; 14 Wall. 120; 86 Mo. 521; 141 Mass. 97; 144 U. S. 533; 31 Pa. 1201; 16 Ala. 581. *Question of law:* 30 Am. Dec. 212. *Facts for jury:* 26 Am. Dec. 95; 43 *Ib.* 95; 1 Cyc. 1153. *Payment of taxes as evidence:* 16 S. C. 132; 45 S. C. 312; 98 S. C. 290; 82 S. E. 951, 1052; 69 Am. Dec. 642; Civ. Code 297; 37 Cyc. 997; 2. L. R. A. 774; 30 Cyc. 1070. *Change of character of possession:*

148 CAMPBELL v. STEWART.

OpinionOpinion of the Court. [100 S. C.

81 S. C. 347; 35 S. C. 609; 77 S. C. 158; 1 Cyc. 1145; 4
How. 289. *Assertion of title:* 86 S. C. 467; 96 Am. Dec.
456; 23 S. E. 233. *Concurrent possession:* 134 U. S. 241;
Tiedeman, R. P. 496; 100 U. S. 138; 30 Am. Dec. 212; 37
*Ib.* 190; 5 Met. 15; 50 Md. 35; 50 Mo. 536; 26 Tex. 543;
25 Iowa 177; 44 Cal. 508. *Adverse possession not shown:*
150 U. S. 604; 23 S. E. 922; 82 S. E. 946. *No adverse
possession against cotenant:* Riley Eq. 41; 13 Rich. 50; 71
S. C. 319; *Ib.* 518; 80 *Ib.* 110. *No presumption of grant:*
48 S. C. 488; 98 S. C. 292. *Burden of proof:* 1 Cyc. 1143;
7 Rich. 186; Harp. L. 232; 2 McC. L. 262; 8 Rich. L. 43; 6
Am. Dec. 95; 86 *Ib.* 703; 6 Rich. 68; 1 Cyc. 1152, 1153.

*Messrs. Gaston & Hamilton,* for respondents, submit:
*Title by adverse possession may be affirmatively asserted
under general denial:* 59 S. C. 440; 63 S. C. 241. *Posses-
sion, payment of taxes, etc., to show presumption of grant:*
48 S. C. 472; 16 S. C. 132. *Not arrested by subsequent dis-
ability:* 53 S. C. 126; 20 S. C. 52.

March 3, 1915.

The opinion of the Court was delivered by MR. JUSTICE
WATTS.

This was a suit for partition between the plaintiff and
defendants, as heirs at law of John M. Stewart, of a tract
of real estate containing 383 acres of land in Chester county.
One of the defendants, John Stewart, by answer in the
cause, alleged that title to 150 acres of said tract was in him,
and asked that this be not partitioned, but that title be
decreed in him for the same, and William Stewart, Samuel
Stewart, and Nannie Stewart, by their answer, unite with
James Stewart in asking that his prayer by his answer made
be granted. All of the other defendants in the cause failed
to file answers and made default. The cause was referred
to J. C. McLure, Esq., as special referee, to take the testi-
mony and determine all issues of law and fact and report to
the Court his conclusions thereon. He made his report,

which should be set out in the report of the case, and, upon exceptions being filed thereto, the matter was heard by his Honor, Judge DeVore, who, on August 10, 1914, filed his decree overruling the exceptions to special referee's report and confirmed the same.   From his Honor's decree plaintiff appeals and by six exceptions challenges the correctness of his rulings and asks reversal.

The first exception was not argued by appellant, as appellant says in his printed argument:

"We do not desire to discuss question raised by exception 1, but desire to direct the Court's attention to questions raised in exceptions 2-6."

The questions raised by the exceptions are practically questions of fact alone. with a complaint that the referee and Circuit Judge in their findings in respect to adverse possession and presumption of a grant are wholly erroneous because neither in law nor fact have these claims been made out, and that, in applying the law to the facts of the case, the Circuit Judge erred.   The Circuit Judge concurred with the referee in his findings of fact that the plaintiff had no interest in the 150-acre tract claimed by the defendant, James Stewart, and adjudging that the plaintiff was not entitled to partition thereof.   As this was a suit for partition, and defendants, by answer, raised the issue of title to the 150-acre tract of land, it was incumbent on the plaintiff to prove title before partition can be had, and the denial of title, as set up in the answer of defendants, was sufficient for them to introduce evidence of adverse possession for the statutory period and to show affirmatively adverse possession in defendants by an answer which contains a general denial of plaintiff's title.   The testimony amply sustains the concurring findings of the special referee and Circuit Judge, and in this appeal the appellant cannot reverse the finding of fact on the legal issues.   If there is any testimony to sustain that finding, we cannot find any errors of law on the part of the ruling and finding of the Circuit Judge, as complained of.   All exceptions are overruled.

Judgment affirmed.