9313

CIVIL *ET AL.* v. TOOMEY *ET AL.*

(88 S. E. 261.)

1. APPEAL AND ERROR — QUESTIONS PRESENTED FOR REVIEW. — Where defendants did not appeal from the denial of their demand for jury trial and the order for issues, that matter cannot be reviewed.

2. ADVERSE POSSESSION—ACTIONS—PRESUMPTION.—In a suit to partition land of which the common ancestor of the parties had had possession, there is a presumption that subsequent holders entered by virtue of their ancestor's possession and took by inheritance, instead of making a new entry, so such possession may be considered to make out title in the common ancestor.

3. PARTITION — TITLE — ASSERTION. — Where defendants were never in possession of land, and plaintiffs had been in possession, defendants cannot defeat plaintiff's action for partition by showing a third person was entitled to the land.

4. ADVERSE POSSESSION—PRESUMPTIONS—CONTINUANCE OF SUBORDINATE POSSESSION.—Where a party who entered on lands did not enter adversely, her possession is presumed to continue in subordination to the true owner until a change is shown.

5. ADVERSE POSSESSION—ACTIONS—EVIDENCE—BURDEN OF PROOF.—Parties asserting that plaintiffs did not have title because another had ousted them from possession must establish ouster.

6. ADVERSE POSSESSION—ADVERSE HOLDING—ASSERTION OF DOWER RIGHT.—Where the widow of one of the several tenants in common entitled to land asserted that she was entitled to hold during her life, her claim was that of dower, and was not an adverse claim affecting the title of the other tenants.

Before HON. C. J. RAMAGE, special Judge, Columbia, October, 1915.  Affirmed.

Action by John A. Civil, in his own right and as administrator of the estate of C. P. Keough, deceased, and others, against Sarah Frank Toomey and others.  From the judgment, defendants appeal.

The respondents' argument makes a full and clear statement of the issues, and reads:

"This was an action by the plaintiffs, John A. Civil, in his own right as administrator of C. P. Keough, Edwin P. Civil,

and Mary A. Reece, asking a sale for partition of a lot of land in the city of Columbia, with a dwelling house thereon, of which the plaintiff, Edwin P. Civil, was in sole actual possession. The defendants, Sarah Frank Toomey, Stephen C. Frank, Veronica M. Frank, John J. Frank, and Joseph A. Frank, were tenants in common with the plaintiffs, as nieces and nephews of Elizabeth Keough and first cousins of Chas P. Keough, and it was as between these parties that partition was sought. No one of these defendants had ever been in actual possession. The relationship of these parties, according to the contention of the plaintiffs, was outlined as follows:

"John Keough was the owner of the lot of land in controversy. He died in 1847 or 1848, leaving as his heirs at law his widow, Mary, and his three children, Catherine, Patrick, and Mary Keough.

"Catherine Keough married Alexander Civil, and died before her mother, Mary Keough, leaving as her heirs at law her two children, John A. and Edwin P. Civil, the plaintiffs herein, who were born, respectively, in the years 1848 and 1852.

"Patrick Keough married Elizabeth Frank, and subsequently disappeared in the war and was never heard from. He left as his heirs at law his widow, Elizabeth Keough, and one son, Charles P. Keough. Mrs. Elizabeth Keough died intestate in 1911, leaving as her sole heir at law and distributee her son, Charles P. Keough.

"Charles P. Keough died intestate, unmarried, and childless on November 7, 1913, leaving as his heirs at law and distributees his first cousins, John A. and Edwin P. Civil and Mary A. Reece, the plaintiffs herein, and the defendants, Sarah Frank Toomey, Stephen C. Frank, Veronica M. Frank, John J. Frank, and Joseph A. Frank.

"Mary Jane, the daughter of John and Mary Keough, married William Lother, and died intestate February 14, 1869, leaving as her heirs at law her husband and two chil-

dren, Mary A. and John. John died intestate, unmarried, and childless in 1891, leaving as his heirs at law his sister, Mary, and his father, W. A. Lother. W. A. Lother died intestate in 1901, leaving as his sole heir at law his daughter, Mary A. Reece, the plaintiff herein.

"The interests of the respective parties, therefore, according to the contention of the plaintiffs, were as follows: John A. Civil and Edwin P. Civil between them took one-third plus two-eighths of one-third, or ten twenty-fourths.; Mary A. Reece took one-third plus one-eighth of one-third or nine twenty-fourths; Sarah Frank Toomey, Stephen C. Frank, Veronica M. Frank, John J. Frank, and Joseph A. Frank, each one-eighth of one-third, or five twenty-fourths between them.

"The complaint alleged in the first paragraph 'that John Keough, late of the city of Columbia, county and State aforesaid, died intestate some time prior to the year 1861, seized and possessed of a certain lot of land more particularly hereinafter described, and leaving as his heirs at law and distributees his widow, Mary Ann, and three children, Catherine, Mary, and Patrick Keough.' The subsequent paragraphs of the complaint, 2, 3, 4, 5, 6, and 7, trace the devolution of the title from John Keough through his heirs to the present claimants. The tenth paragraph alleged 'that the plaintiffs, together with the defendants, Sarah Frank Toomey, Stephen C. Frank, Veronica M. Frank, John J. Frank, and Joseph A. Frank, own as tenants in common the lot of land originally owned by John Keough. * * *' The other paragraphs of the complaint were as to the indebtedness of Charles P. Keough, deceased, and certain liens on the premises, with the usual prayer as to sale of the land for partition, free of incumbrances.

"The answer of the defendants, Sarah Frank Toomey and others, admitted all the allegations of the complaint, except those of the first paragraph, which was as set out hereinabove. For a further defense the defendants set up

adverse possession for more than 20 years by Elizabeth
Keough, and that at her death the property descended to her
son, Charles P. Keough, and at his death to his first cousins,
the plaintiffs and the descendants, Sarah Frank Toomey and
others.

"It will be seen, therefore, that the only difference between
the plaintiffs and the defendants was as to the exact interest
of each in the said lot of land. Under the contention of the
defendants each one of the codefendants would be entitled
to an equal one-eighth share; whereas, according to the con-
tention of the plaintiffs, the division should be as herein-
above set forth."

The plaintiffs made a motion to refer the case to the
master. The presiding Judge held that it was an equity
case, but ordered these issues to jury:

"(1) Did John Keough, late of the city of Columbia,
in the county of Richland and State aforesaid, die intestate
some time prior to the year 1861 seized and possessed of the
lot of land described in the complaint in this action, and
leaving as his heirs at law and distributees his widow, Mary
Ann, and three children, Catherine, Mary, and Patrick
Keough?

"(2) Was Elizabeth Keough in open, continuous, and
adverse possession of the lot of land described in the com-
plaint for more than 20 years previous to the time of her
death, claiming the same as her own against the world?

"Both issues were decided by the jury in favor of the
plaintiffs-respondents, and thereafter a decree was taken,
adopting the finding of the jury and settling the issues
accordingly. From this decree and any judgment entered
thereon, the appellants have appealed."

*Messrs. G. C. Taylor* and *James S. Verner,* for appel-
lants, submit: *Plaintiffs could not under allegations of title
in their ancestor, undertake to prove that they had acquired
title by adverse possession:* 31 Cyc. 686; 42 S. C. 148; 67

S. E. 447; 134 Ga. 80.  *Issues in action for partition:* 57 S. C. 289; 54 S. C. 123; 57 S. C. 289; 47 S. C. 446; 83 S. C. 447.  *Plaintiffs must rely on strength of their own title:* 38 S. C. 424; 29 S. C. 49; 36 S. C. 559.  *Continuous adverse possession must be shown for 20 years:* 30 S. C. 292; *Ib.* 234; 57 S. C. 289; 25 S. C. 254.  *Record in foreclosure proceedings as evidence:* 21 Cyc. 1709, 1792; 5 S. C. 270; 23 S. C. 106.  *Presumption from 20 years possession:* 78 S. C. 155; 48 S. C. 282; 40 S. C. 179; 77 S. C. 398.

*Messrs. Benet, Shand & McGowan,* for respondents, submit: *Possession unexplained is prima facie evidence of title:* Wait, Trial Title to Land (ed. 1882), sec. 717; Tyler on Ejectment, pp. 72, 204; Abbott's Trial Ev., pp. 692, 723; 86 S. C. 358; 30 L. R. A. (N. S.) 243; 23 S. C. 435; 12 S. C. 1; 27 S. C. 50; 50 S. C. 318.  *Admissions against claim:* 16 S. C. 135; 48 S. C. 485.  *Location:* 44 S. C. 528.

March 7, 1916.

After reciting the foregoing statement of facts, the opinion of the Court was delivered by MR. JUSTICE FRASER.

The defendants demanded a jury trial as to the title on the law side of the Court, but issues were ordered instead.  There is no appeal from this, and it cannot be considered.  There are 13 exceptions, but appellants consolidate them.

1. Exceptions 1, 2, 4, 5, 7, 8 (requests to charge No. 9 and No. 15), 10:

"These exceptions allege error on the part of the Circuit Judge in charging the jury that they could take into consideration in addition to the continuous and exclusive possession of John Keough, the ancestor, who the plaintiffs alleged in the complaint had died 'seized and possessed' of the lot in question, also the possession of his heirs, who the plaintiffs alleged had inherited title from the said John Keough, their ancestor, in order to make out title in the ancestor, John

Keough, and these exceptions allege error on the part of the Circuit Judge in repeatedly refusing to charge the jury that they could not consider the possession of the heirs under these pleadings in order to make out title in the ancestor."

The case of *Epperson* v. *Stansill,* 64 S. C. 488, 42 S. E. 426, says:

"But when the heir is in of his ancestor's possession, and makes no new entry, the possession of ancestor and heir may be united in making out the statutory period (citing authorities) ; the distinction being that, when possession is cast by operation of law from ancestor to heir in possession, there is no break in the continuity of possession, whereas in the case of disseisor and grantee there is a new entry and a break in the continuity of possession."

This was under the bar of the statute that required one holding. See, also, *Kilgore* v. *Kirkland,* 69 S. C. 85, 48 S. E. 44. Possession may be taken to make up the presumption of a grant, but not to satisfy the bar of the statute. The holding of the ancestor and heir is one holding. The appellants asked his Honor to charge the jury that in the presumption of a grant the presumption is that the grant was made at "the commencement of the 20 years." If that presumption applied to Elizabeth, it applied to John. The presumption, therefore, as far as this case is concerned, is that the title of those who claimed under John, the ancestor, was in John, and not in his heirs, or, rather, was in the heirs only by inheritance from John.

2. "3. Because his Honor erred in refusing defendants' third request to charge, the third request being as follows : 'I charge you that there is no evidence in this case of title to the land in John Keough, or that he died seized and possessed of the said land'—the error consisting in the failure of his Honor to charge that there was no evidence of title in John Keough, since there was no evidence whatsoever of any title in him."

30—103

From what has been said above it is manifest that his Honor could not declare, as a matter of fact, that there was no title in John Keough. Appellants claim that the record shows that the title was not in John Keough, because his title was lost by the foreclosure proceedings and passed to William McGinnis, the purchaser at that sale. Assuming that the lot sold is the lot of which partition is sought, the presumption is that Wiliam McGinnis, after the sale, reconveyed to John Keough. The respondents are in possession, and the appellants are not, and never were, in possession (according to records). When, therefore, a person not in possession claims title against one in possession who claims title, and it appears that the title is in a third person, the claim of one not in possession fails, because a person in possession is entitled to retain his possession against all the world, except the true owner.. The appellants do not claim under William McGuinnis.

3. The next question in this case is as to the title of Elizabeth Keough. The record shows, and there is no contrary showing, that Patrick Keough married Elizabeth Keough, and they lived in Charleston; that after the death of Patrick Keough and John Keough Mrs. Elizabeth Keough and her son came to live with the heirs of John Keough on this land. It is important to ascertain, if possible, the character of her entry on the land. There are four possible ways in which she may have entered:

(1) Claiming adversely to the heirs who were in possession. The record negatives this sort of entry. She did not oust them. Mrs. Elizabeth lives with them and they did not live with her.

(2) She may have entered as a boarder or guest. Of this there is no evidence. If there were evidence of either, then she could not claim title against those in possession until she had thrown off the relationship and a sufficient time had elapsed after she had thrown it off. Possession is presumed

to continue as it began until there is evidence of a change. Here there is none.

(3) She may have entered as the heir at law of her husband, Patrick Keough, and tenant in common with the members of the family of John Keough. In that event the appellants must show ouster. There is no evidence of ouster.

(4) She may have entered as the widow of Patrick Keough claiming dower. The only evidence in the case that throws any light on the character of her entry supports this view when she said "she had the property in question for her lifetime, and that it was to go to Charlie Keough, her son, and to Ed Civil and John Civil."

That is a claim of dower, and not as heir at law. Whether it be as dowress or heir at law, her claim was under Patrick Keough, who was one of the heirs at law of John Keough. The title of John Keough, therefore, was just as necessary, if not more so, to the title of the appellants as it was to the title of the respondents.

This covers all the questions raised in the case, although the exceptions are not mentioned by number.

The judgment is affirmed.