## 19392

Arthur B. WANNAMAKER et al., Respondents-Appellants, v. L. Banks WANNAMAKER et al., Respondents-Appellants, Bankers Trust of South Carolina, Columbia, South Carolina, et al., Appellants-Respondents.

(187 S. E. (2d) 657)

*Messrs. J. Monroe Fulmer (Deceased),* of Columbia, and *Furman R. Gressette,* and *Alvin C. Biggs,* St. Matthews, *for Appellants-Respondents,*

*Messrs. Gressette & Gressette,* of St. Matthews, *for Respondents-Appellants,*

*Messrs. J. Monroe Fulmer (Deceased),* of Columbia, and *Furman R. Gressette,* and *Alvin C. Biggs,* of St. Matthews, *for Appellants-Respondents, in Reply,*

March 16, 1972.

LITTLEJOHN, Justice:

This action was commenced on March 25, 1967, seeking a partition of lands described in the complaint and seeking an accounting for waste.

All plaintiffs and the defendants, L. Banks Wannamaker, Luther B. Wannamaker, II, individually, etc., and L. Banks Wannamaker as administrator of the Estate of Adelle K. Wannamaker, ask the same relief and will be referred to as plaintiffs.

The defendants, State Bank & Trust Company, as Trustee (now Bankers Trust of South Carolina), Albert S. Smoke and The Calhoun Twine Mill, Inc., take a position opposite to plaintiffs and will be referred to as defendants.

At issue is the title to two tracts of land, known as Moye (containing approximately 200 acres) and Graeser (containing approximately 185 acres).

The case was tried before a jury at a special term of Common Pleas Court for Calhoun County during the week

of June 15, 1970. Plaintiffs' motion for a directed verdict, and defendants motion for nonsuit and directed verdict were refused by the presiding judge. The jury returned a verdict for the defendants.

Plaintiffs made a motion for judgment *n. o. v.* and in the alternative for a new trial. The presiding judge refused the motion for judgment *n. o. v.* but granted a new trial because of erroneous charges of law to the jury.

Plaintiffs and defendants have appealed.

On January 5, 1922, W. W. Wannamaker died testate, leaving five children, L. Banks Wannamaker (who is still living and has one living child), Arthur Wannamaker (who is deceased, leaving three children), Trulem Wannamaker (who is deceased, leaving one child), Whitt Wannamaker (who is deceased, leaving three children), and Adelle Wannamaker (who was *non compos mentis,* and died after this litigation was commenced). Adelle Wannamaker was never married; L. Banks Wannamaker, her administrator, is a party to this suit.

The will of W. W. Wannamaker was admitted to probate January 9, 1922. Paragraph 3 of his will is as follows:

"(3) The rest and residue of my real estate, I give to all of my children [here they are named] in equal interests, for and during the term of their natural lives, and after their death respectively, to their lineal descendants, the child or children of any deceased child to take the share or shares of the parent, and in case any or either of my said children die without leaving lineal descendants, then their share to go to the surviving children in equal interests under the same terms and limitations."

Paragraph 5 of the will is as follows:

"(5) The rest and residue of my personal property of every kind and nature whatsoever, I give to the Home Bank of St. Matthews, South Carolina, IN TRUST NEVER-

LESS, that all the said funds and values thereof shall be invested in safe securities and the proceeds arising from such investments to be equally divided between my said children for and during the term of their natural lives, and in the event of the death of any of my said children, then their respective share of such proceeds to go to their children, if any, and in case of the death of any child without leaving children or lineal descendants, their respective shares to be equally divided among the survivors of them.

"This trust to remain in force until the death of all of my said children and then to their children or lineal descendants to take *per stirpes* and not per capita."

Among the personal properties bequeathed by W. W. Wannamaker were two bonds and mortgages. One mortgage covered the tract of land referred to as the Moye place, and the other mortgage covered the tract known as the Graeser place. The executors took charge of these two bonds and mortgages and proceeded to bring foreclosure actions.

There is no contention that it was necessary to sell real estate or to convert these bonds and mortgages to cash in order to pay the debts of the estate. A decree of foreclosure was procured, and a sale conducted by the referee. The records reflect that the attorney for the executors was the successful bidder. No deposits were made and no deeds were executed and delivered by the referee or the court.

The trustee, Home Bank, qualified under Paragraph 5 quoted above on the 6th day of February, 1923. Assets in the amount of $3,275.28 were delivered to the trustee on the 3rd day of March, 1926.

Neither the probate estate nor the trust estate has been terminated and both are still active.

Although no deed was executed pursuant to the foreclosure sale, the two tracts were returned for taxes in the name of "the W. W. Wannamaker estate" for 1923 through 1931.

The Moye tract was sold for taxes in December, 1931, by the tax collector for Calhoun County, and was conveyed March 1, 1933, to L. R. Arant and T. D. Arant. They conveyed it to defendant A. S. Smoke January 12, 1955. A. S. Smoke deeded it to defendant Bankers Trust of South Carolina, as Trustee, on September 28, 1962. It is now in possession of this tract.

The Graeser tract was sold for taxes in November, 1931, by the tax collector for Calhoun County, and was conveyed to defendant Calhoun Twine Mill, Inc., February 6, 1934. Calhoun Twine deeded the tract to defendant A. S. Smoke March 11, 1965. He is now in possession of this tract.

Plaintiffs, who are the son and the grandchildren of W. W. Wannamaker, claim title as "beneficiaries and devisees under the Last Will and Testament of W. W. Wannamaker, deceased." By bringing the action asserting title and asking for partition they assume the burden of proving title in themselves.

The defendants assert title to Graeser in Albert S. Smoke and to Moye in Bankers Trust, as trustee. They defend on numerous grounds. Among the grounds are that the plaintiffs have no title to the land. We deem it unnecessary to consider the other grounds.

The defendants allege error on the part of the trial judge in refusing their motion for a nonsuit or a directed verdict, arguing that the plaintiffs have simply failed to prove title to the land in themselves. We agree.

Paragraph 3 of the will, quoted hereinabove, refers to real estate owned by W. W. Wannamaker at the time of his death. He did not have title to Moye and Graeser at the time of his death and nothing in Paragraph 3 concerns these two tracts.

Upon the death of W. W. Wannamaker it became the duty of the executors to accumulate his assets and give effect to the will. The assets, including the

bonds and mortgages, vested in the executors for the purpose of administration and for no other purpose. They held the bonds and mortgages in trust for the payment of debts and distribution to those entitled pursuant to the provisions of Paragraph 5 of the will. Since cash was readily available it was unnecessary for the executors to foreclose the mortgages. The same should have been delivered to the trustee in keeping with the provisions of Paragraph 5. The bonds and mortgages were personalty and it was beyond question the intent of the testator that his personal property form the *corpus* of the trust estate.

The beneficiaries inheriting a claim to real estate under the terms of Paragraph 3, and the beneficiaries inheriting a claim to personalty under the terms of Paragraph 5 were the same persons. There was little reason for them to concern themselves with whether the executors or the trustee controlled the bonds and mortgages. The executors and the trustee were supposed to be protecting the interests of the same people. However, the powers, duties and responsibilities of the executors and of the trustee were distinctly different.

After the attorney for the executors became the successful bidder at the referee's sale the trustee was entitled to, and should have sought a deed from the referee. Had a deed been procured by the trustee, the lands would have been held in lieu of the bonds and mortgages, and administered as part of the trust estate. Failure of executors (and/or their attorney) and failure of the trustee to do that which should have been done did not have the effect of vesting title to the lands in the plaintiffs.

If a trustee comes to possess types of property (as land here) not contemplated by the creator of the trust he may seek the directions of the equity court which has broad supervisory authority in trust matters. The trustee was authorized to invest funds. If a mortgage as

security for an investment had been taken by the trustee and foreclosed, and if it had bought at the sale to protect the interest of the trust, title would not vest in the beneficiaries. It would hold the land as trustee subject to direction of the equity court.

The fact that the executors returned the property for taxes from 1923 to 1931 did not vest title in the executors nor in the distributees or legatees of the probate estate, nor in the beneficiaries of the trust estate. Whatever the executors did with the bonds and mortgages or with the land was done as fiduciary for the trustee.

We know of no theory under which it can be said that title to the real estate involved in this case came to be vested in the plaintiffs, individually, or as distributees or legatees of the probate estate, or as beneficiaries of the trust estate. The trustee was entitled to a deed. The children and grandchildren of W. W. Wannamaker have never had title to the land such as to entitle them to partition. Under Paragraph 5 of the will they inherited the right to demand that the trust estate be properly administered. When the trust estate is terminated they will be entitled to receive distributive shares in keeping with the terms of the trust.

In this action we do not concern ourselves with the responsibilities and liabilities of the executors of the will of W. W. Wannamaker nor with the responsibilities and liabilities of the trustee under Paragraph 5. They are not parties to this proceeding. We conclude that the trial judge should have directed a verdict in favor of the defendants on the ground that the plaintiffs failed to prove title in themselves. *Campbell v. Stewart, et al.,* 100 S. C. 144, 84 S. E. 415 (1915) ; *Civil, et al. v. Toomey, et al.,* 103 S. C. 460, 88 S. E. 261 (1916). It becomes unnecessary to rule upon other questions raised by either the plaintiffs or the defendants.

The case is remanded to the lower court for entry of judgment for the defendants in keeping with Supreme Court Rule No. 27.

Reversed.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.